UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIANNA MINICOZZI, | : | CIVIL NO: 3:24-CV-00774 |
| | : | |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| 823 DONUTS, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**I. Introduction.**

In this employment discrimination action, Plaintiff Brianna Minicozzi brings claims against several defendants. Currently pending is the motion for summary judgment filed by two of the defendants—Michael Roy and Marina Roy. For the reasons discussed below, we will deny that motion.

**II.  Background and Procedural History.**

Minicozzi began this action by filing a complaint naming four defendants: (1) 823 Donuts LLC, her former employer; (2) Cindy Sena, the District Manager of 823 Donuts; (3) Michael Roy, Director of Operations of 823 Donuts; and (4) Marina Roy, the Human Resource Manager for 823 Donuts. *Doc. 1* ¶¶ 6–9.

Minicozzi alleges that after she became pregnant and provided 823 Donuts with a document from her doctor recommending that she limit her hours to 40 hours per week, 823 Donuts improperly reduced her pay and later terminated her employment. *Id*. ¶¶ 16–26.  Minicozzi brings a claim under Title VII and the Pregnancy Discrimination Act against 823 Donuts. *Id*. ¶¶ 31–32.  And she brings claims under the Pennsylvania Human Relations Act against all the defendants. *Id*. ¶¶ 33–36.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc*. 23.  After the parties had an opportunity to engage in discovery, defendants Michael and Marina Roy filed a motion for summary judgment, which has been briefed. *Docs. 39–44*.

**III. Summary Judgment Standards.**

Michael and Marina Roy move for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v.*

*U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

Summary judgment is also appropriate if the nonmoving party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248–49.

When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at

249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex,* 477 U.S. at 323). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

## IV.  The Material Facts.

Local Rule 56.1 requires a party moving for summary judgment to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be

tried." M.D. Pa. L.R. 56.1.  The Rule, in turn, requires the non-moving party to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.*  The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." *Id.*  "Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018).  "[T]he Rule 'is essential to the Court's resolution of a summary judgment motion' due to its role in 'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence.'" *Id.* (citations omitted).

Here, Michael and Marina Roy filed a statement of material facts. *See doc. 40.*  They cite to Minnicozzi's deposition in support of their statement of material

6

facts. *See doc. 40* ¶¶ 3, 4, 6, 7, 9–14.[1]  But they did not attach a copy of

Minnicozzi's deposition to their statement of material facts.  Nevertheless,

Minnicozzi filed a response to the Roys' statement of material facts, *see doc. 43-2,*

and she submitted a copy of the transcript of her deposition as well as the

transcripts of the depositions of Marina Roy and Cindy Sena. *See docs. 44, 44-1,*

*44-2.*  Considering the above, as well as our duty to "construe all facts and

inferences in favor of the nonmoving party[,]" *Peroza-Benitez v. Smith*, 994 F.3d

157, 164 (3d Cir. 2021) (quoting *Santini v. Fuentes*, 795 F.3d 410, 419 (3d Cir.

2015)), the following are the material facts upon which we analyze the pending

motion summary judgment.

Minicozzi was employed by 823 Donuts, LLC on or about November 2019,

as an hourly employee. *Doc. 40* ¶ 1; *Doc. 43-2* ¶ 1.  On or about August 2021, she

was promoted to a salaried position. *Doc. 40* ¶ 2; *Doc. 43-2* ¶ 2.  Minnicozzi was

promoted to a salaried position with an expected work week of fifty hours per

week. *Doc. 40* ¶ 3; *Doc. 43-2* ¶ 3.[2]  Her direct supervisor was Cindy Sena. *Doc. 40*

¶ 4; *Doc. 43-2* ¶ 4.  Michael Roy was the Chief Operating Officer. *See doc. 43-2*

---

[1] As to a couple of the background facts, the Roys also cite to the Joint Case Management Plan, *see doc. 40* ¶¶ 1, 2, 5, which is on the record in this case, *see doc. 21*, and Minnicozzi does not dispute those facts, *see doc. 43-2* ¶¶ 1, 2, 5.

[2] Although Minnicozzi admits that she understood that she was expected to work 50 hours a week, she denies that she was compensated based on a 50-hour work week. *See doc. 43-2* ¶ 3.

¶ 4.   Marina Roy was the Human Resources Manager. *Doc. 40* ¶ 11; *Doc. 43-2* ¶ 11.

Minnicozzi was terminated on or about February 13, 2023. *Doc. 40* ¶ 5; *Doc. 43-2* ¶ 5.[3]  She testified that Sena told her:  "Due to you being pregnant, we no longer want you to be here." *Doc. 43-2* ¶ 6 (citing *Doc. 44* (Minnicozzi Dep.) at 5).  Sena "said it would be best." *Id.* (citing *Doc. 44* (Minnicozzi Dep.) at 5).  Sena also told Minnicozzi that the decision was coming from Michael Roy. *Doc. 43-2* ¶¶ 6, 12, 13, 14 (citing *Doc. 44* (Minnicozzi Dep.) at 11 (testifying that Sena told her that decision "was coming from Mike"); citing *Doc. 44-2* (Sena Dep.) at 56 (testifying that she "spoke with Michael Roy" and "we decided she need to be terminated . . . .").   The only people present at that conversation were Minnicozzi and Sena. *Doc. 40* ¶¶ 7, 9; *Doc. 43-2* ¶¶ 7, 9.  And because Sena told her that the decision was coming from Michael Roy, Minnicozzi did not contact Human Resources, anyone from corporate, or the franchisee about the statement from Cindy Sena. *Doc. 40* ¶¶ 12, 13; *Doc. 43-2* ¶¶ 12, 13.

---

[3] The Roys say that Minnicozzi "was no longer employed on or about February 13, 2024," *doc. 40* ¶ 5, and Minnicozzi admits that fact, *doc. 43-2* ¶ 5. But the Joint Case Management Plan, which is what the Roys cite in support, states that Minnicozzi was terminated on February 13, 2023. *Doc. 21* at 2.  February 13, 2023, is also the date that Minnicozzi testified she was terminated. *Doc. 44* at 21. Thus, we use February 13, 2023, as the date Minnicozzi was terminated.

Neither Michael Roy nor Marina Roy made any statement to Minnicozzi regarding her termination. *Doc. 40* ¶¶ 6, 14; *Doc. 43-2* ¶¶ 6, 14.

## V. Discussion.

Michael and Marina Roy contend that they are entitled to summary judgment as to the PHRA claims against them.  For the reasons discussed below, we will deny the motion for summary judgment.

The PHRA, among other things, generally prohibits discrimination by an employer because of an individual's "sex . . . or disability." 43 Pa. Stat. Ann. § 955(a).  "The PHRA further permits aiding-and-abetting liability in certain circumstances for supervisory employees." *Doe v. Pennsylvania*, 582 F. Supp. 3d 206, 215 (M.D. Pa. 2022).  It provides that it is an unlawful employment practice:

> For any person, employer, employment agency, labor organization or employe[e], to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Stat. Ann. § 955(e).

Although § 955(e) provides for individual liability, "individual liability under the PHRA is narrow and only applies to 'supervisory employees.'" *Kalasheh v. Verdantas LLC,* No. 2:25-CV-05103-JDW, 2026 WL 753935, at *2 n.1 (E.D.

9

Pa. Mar. 17, 2026) (quoting *Dici v. Commonwealth*, 91 F.3d 542, 553 (3d Cir. 1996)).  "Furthermore, 'an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision.'" *Spak v. Oscar Smith Co.*, No. 24-cv-185, 2025 WL 2413905, at *7 (M.D. Pa. Aug. 20, 2025) (quoting *Davis v. Levy. Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F.Supp.2d 885, 887 (E.D. Pa. 1998)).  "An aiding-and-abetting claim will only succeed when the 'plaintiff show[s] that a defendant participated in or compelled discriminatory conduct.'" *Noma v. Cap. BlueCross*, No. 1:24-CV-00997, 2025 WL 1689397, at *7 (M.D. Pa. June 16, 2025) (bold in original omitted) (quoting *Schepis v. Raylon Corp.*, No. 03-CV-05970, 2006 WL 2803050, at *3 (E.D. Pa. Sept. 26, 2006)) .

Here, Minnicozzi alleges that the individual defendants "aided, abetted and acted with a common purpose with 823 Donuts in discrimination against [her] because of her sex and pregnancy." *Doc. 1* ¶ 36.  Michael and Marina Roy assert that there is no evidence that they played a role in the alleged discrimination against Minnicozzi, and thus, they are entitled to summary judgment.

There is a genuine, material factual dispute as to whether Michael Roy aided and abetted Minnicozzi's termination.  Although Michael Roy asserts that he was

10

not involved in the decision to terminate her, Minnicozzi responds by pointing to evidence that he was involved. Minnicozzi points to her testimony that Cindy Sena told her the decision was coming from Michael Roy. *Doc. 44* (Minnicozzi Dep.) at 11 (testifying that Sena told her that the decision "was coming from Mike"). She also points to testimony from Cindy Sena that Sena "spoke with Michael Roy" and "we decided she need to be terminated . . . ." *Doc. 44-2* (Sena Dep.) at 56). Given this evidence, a reasonable factfinder could conclude that Michael Roy was involved in aiding and abetting Minnicozzi's termination. Accordingly, we will deny the motion for summary judgment as to Michael Roy.

As to Marina Roy, in Minnicozzi's brief in opposition to the motion for summary judgment, Minnicozzi asserts that the basis for Marina Roy's purported liability is not her termination, but rather a threat to reduce her pay. *See Doc. 43* at 4. According to Minnicozzi, "when she made a request for reduced hours because of her pregnancy, [] Marina Roy made the determination that if her hours were temporarily reduced, her pay would also be reduced." *Id*. And Marina Roy "admitted that she did not make any effort to determine whether the reduction in pay for a salaried employee would be legal." *Id*. According to Minnicozzi, that would violate the Federal Fair Labor Standards Act. *Id*. Marina Roy does not address this theory of liability either in her brief or her statement of material facts.

11

Thus, she has not shown that she is entitled to summary judgment. Accordingly, we will deny the motion for summary judgment as to Marina Roy.

## VI.  Conclusion.

For the foregoing reasons, we will deny pending motion for summary judgment. An appropriate order follows.

*__S/Susan E. Schwab__*
Susan E. Schwab
United States Magistrate Judge

12